COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




TEXAS DEPARTMENT OF AGING
AND DISABILITY SERVICES AND
ADELAIDE HORN, COMMISSIONER,


 Appellants,


v.



SIERRA HOME CARE, L.L.C.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00269-CV
 


Appeal from the


327th District Court 


of El Paso County, Texas 


(TC# 2006-3883) 




O P I N I O N


 Appellant Texas Department of Aging and Disability Services ("DADS") appeals the trial
court's denial of its plea to the jurisdiction and the court's entry of a temporary injunction in favor
of Appellee, Sierra Home Care, L.L.C ("Sierra"). Because the trial court did not have jurisdiction
over the case, we will reverse the trial court's order and render judgment dismissing the case for lack
of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND


 In Texas, Medicaid funds are administered through the Texas Health and Human Services
Commission, and the commission's health and human service agencies. See Tex. Gov't Code Ann.
§§ 531.001(4), 531.021. DADS is the health and human service agency responsible for
administering human service programs for the aging and disabled populations of the state. See Tex.
Gov't Code Ann. § 531.001(4)(L); Tex. Hum. Res. Code Ann. § 161.071. In July 2004, Sierra
signed a contract with DADS to provide Medicaid services in El Paso County. Under the contract,
Sierra employees assist Medicaid recipients with "basic daily living activities" in the clients' homes. 
"Basic daily living activities" include bathing, personal hygiene, and shopping. Each employee
records the number of hours he spends with each client, and the provider, Sierra, bills DADS for the
hours of assistance which each client receives.

 In a letter dated July 21, 2006, DADS informed Sierra that the department was terminating
the provider's Medicaid contracts on August 31, 2006, and would prohibit Sierra from reestablishing
its status as a provider for six years. (1) As grounds for the termination, the letter stated that Sierra was
not in compliance with the terms and conditions of the contract and applicable state law, because the
provider had not maintained the required two months' operating costs and had falsified records and
billed DADS for goods and services that had not been provided to clients.

 Sierra appealed DADS' decision to the Department of Health and Human Services on
July 26, 2006. Sierra filed the declaratory judgment and injunction action underlying this appeal on
August 18, 2006, challenging the constitutionality of DADS' actions and requesting an El Paso
County district court to enjoin the agency from withholding payment, pending the outcome of
Sierra's administrative appeal. DADS responded, in part, by filing a plea to the jurisdiction, arguing
that, under the Texas Government Code, the only proper forum for the case was a Travis County
district court. (2) See Tex. Gov't Code Ann. § 2001.038.

 The trial court held hearings on August 31 and September 18, 2006. Following the second
hearing, the trial court entered an order denying DADS' motion and entered a temporary injunction
against DADS, directing it to refrain from the following actions:

 (1) Implementing any client transfers from [Sierra] unless a client makes a voluntary
request to transfer from [Sierra] to another home care provider;


 (2) Withholding vendor payments submitted by [Sierra]; and


 (3) Implementing a client-hold against [Sierra].


The court also ordered Sierra to post a $25,000 bond.

 DADS filed this interlocutory appeal on October 17, 2006. Because we have concluded that
the legislature has limited jurisdiction over this type of administrative challenge to the district courts
of Travis County, we will dissolve the injunction and grant DADS' plea to the jurisdiction.

DISCUSSION

 A plea to the jurisdiction is appropriate when a governmental unit believes that the trial court
lacks subject-matter jurisdiction over a case. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638

(Tex. 1999). Whether a trial court has subject-matter jurisdiction is a legal question which we
review de novo. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In considering jurisdictional
pleas, a reviewing court examines the pleadings and any evidence relevant to the issue of
jurisdiction. Texas Dep't of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002). We construe the
pleadings liberally and in the plaintiff's favor. Id.

 Sierra brought this declaratory judgment action, alleging that DADS violated the home care
provider's right to due process under the United States and Texas Constitutions by terminating the
home care contracts and withholding payments, prior to Sierra's administrative appeal. In essence,
Sierra argues that DADS applied its administrative regulations in an unconstitutional manner,
because the application resulted in a violation of Sierra's right to notice and hearing.

 The Texas Legislature has provided a mechanism for such challenges to administrative
actions under the Government Code, which provides in relevant part:

 (a) The validity or applicability of a rule, including an emergency rule
adopted under Section 2001.034, may be determined in an action for declaratory
judgment if it is alleged that the rule or its threatened application interferes with or
impairs, or threatens to interfere with or impair, a legal right or privilege of the
plaintiff.


 (b) The action may be brought only in a Travis County district court.


Tex. Gov't Code Ann. § 2001.038(a), (b) (emphasis added).


 In any suit against a governmental entity, the plaintiff must plead a valid waiver of sovereign
immunity. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). Without an
express waiver of sovereign immunity, the trial court lacks subject-matter jurisdiction over the
lawsuit. Jones, 8 S.W.3d at 638. In this case, Sierra argues that the case was properly pleaded under
the Texas Uniform Declaratory Judgment Act. However, the UDJA is not a jurisdictional grant, but
acts merely as a procedural device for dealing with cases already within the trial court's jurisdiction. 
See Texas Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). When
the subject of the declaratory action is the application of an administrative rule to a private entity,
the legislature has given jurisdiction exclusively to the Travis County district courts. See Tex.
Gov't Code Ann. § 2001.038(a), (b). Therefore, the El Paso County district court did not have
subject-matter jurisdiction over the case, and DADS' plea to the jurisdiction was erroneously denied.

 The trial court's order denying DADS' jurisdictional plea is reversed and judgment is
rendered, dismissing the case for lack of subject-matter jurisdiction. See Tex. R. App. P. 43.2(c). 
There is therefore no reason to address the remainder of the issues presented for review. See Tex.
R. App. P. 47.1.


 KENNETH R. CARR, Justice


August 23, 2007


Before McClure, J., Carr, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment

1. The parties had amended the contract in June 2006 to extend the expiration date from June 30, 2006 to
June 30, 2008. The extension was effective July 1, 2006.
2. Although the trial court's order did not specify grounds for the denial, the order constitutes at least an implicit
denial of DADS' argument that the El Paso County district court did not have subject-matter jurisdiction over the case. 
We therefore have interlocutory jurisdiction to consider this appeal. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8); see also Thomas v. Long, 207 S.W.3d 334, 339 (Tex. 2006) (trial court's implicit denial of sheriff's
jurisdictional challenge resulted in his right to bring an interlocutory appeal under section 51.014(a)(8)).