# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00593-CV

Texas State University - San Marcos, Appellant

v.

Sam Bonnin, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 05-1738, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sam Bonnin brought a wrongful death and survival action against appellant Texas State University - San Marcos (TSU) in connection with the death of his son, Jason Bonnin.[1] TSU filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, TSU argues that the trial court erred in denying its plea to the jurisdiction because Bonnin has not established a waiver of sovereign immunity. Because we hold that Bonnin's pleadings do not establish jurisdiction but do not affirmatively demonstrate incurable jurisdictional defects, we reverse the trial court's order denying the plea to the jurisdiction and remand this case to allow Bonnin the opportunity to amend his pleadings.

---

[1] To avoid confusion, we will refer to the appellee as "Bonnin," and to Jason Bonnin, when necessary, as Jason.

**STANDARD OF REVIEW**

Because this is an appeal from a plea to the jurisdiction, "we will review the face of appellants' pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favored jurisdiction." *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* at 227. Unless a pled jurisdictional fact is challenged and conclusively negated, it must be taken as true for purposes of determining subject-matter jurisdiction. *City of Austin v. Leggett*, 257 S.W.3d 456, 462 (Tex. App.—Austin 2008, pet. denied). In reviewing a plea to the jurisdiction, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Miranda*, 133 S.W.3d at 227.

**DISCUSSION**

Jason Bonnin drowned on April 21, 2005, after jumping from the balcony of a restaurant where he worked into the waterway at Spring Lake Dam on the TSU campus. According to Bonnin's pleadings, Jason's death resulted from a turbulent undertow that pulled him into underwater caverns located beneath the restaurant. Bonnin brought claims for negligent use of real

2

and personal property and the defective condition of real and personal property, alleging that TSU created an unreasonably dangerous condition by making repairs to the waterway where the incident occurred and failing to block access to the underwater caverns or warn others of their existence.[2] In addition, Bonnin brought the following claim:

> A condition of agricultural land or other property used for recreational purposes, which posed an unreasonable risk of harm. Specifically Defendant TSU allowed and/or created a defective condition on the subject real property when it knew, or should have known, the property would be used for recreational purposes. By allowing such condition, Defendant TSU proximately caused Plaintiffs' damages.

In its first issue on appeal, TSU argues that Bonnin has not sufficiently established a waiver of sovereign immunity under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code §§ 101.001-.109 (West 2005). The State and its agencies are generally immune from suit, absent an express waiver of sovereign immunity. *Miranda*, 133 S.W.3d at 224. Sovereign immunity is waived under the Tort Claims Act for claims involving personal injury or death if the plaintiff alleges the injury was caused by the condition or use of tangible personal property or real property. Tex. Civ. Prac. & Rem. Code § 101.021.

An exception to the waiver of sovereign immunity under the Tort Claims Act exists for a governmental unit's failure to perform an act or decision not to perform an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit. *Id.* § 101.056. TSU argues that because Bonnin alleges that the drowning occurred as the result of a

---

[2] Bonnin also brought claims against several other defendants. Because TSU is the only defendant that sought dismissal by the plea to the jurisdiction involved in this appeal, our disposition of this appeal does not affect Bonnin's claims against the other defendants.

design decision made by TSU in repairing the dam, the exception for discretionary acts applies and sovereign immunity is not waived. To the extent that Bonnin's claims relate to the repairs made to the waterway by TSU, we agree.

The Texas Supreme Court has held that the exception for discretionary acts applies to the design of public works. *See State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999) ("Design of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions."). "Likewise, decisions about installing safety features are discretionary decisions for which the State may not be sued." *State v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). While courts have held that the negligent maintenance of public works is not subject to the exception for discretionary acts, that is not the case here. *See Brown v. Texas Dep't of Transp.*, 80 S.W.3d 594, 598 (Tex. App.—Corpus Christi 2000), *aff'd*, 80 S.W.3d 549 (Tex. 2002) (holding that failure to maintain street lamps was not discretionary act); *Texas Parks & Wildlife Dep't v. Davis*, 988 S.W.2d 370, 374 (Tex. App.—Austin 1999, no pet.) (holding that failure to remove deteriorated park bench was not discretionary act protected by Tort Claims Act). Unlike the plaintiffs in *Brown* and *Davis*, Bonnin does not allege that TSU failed to maintain the waterway after the repairs were made, but attributes the injury to the initial design decisions regarding the repairs.[3] As a result, we hold that Bonnin failed to establish a waiver of

_____

[3] Bonnin's petition was accompanied by an affidavit from an engineering expert, stating:

> [I]t is my opinion that the hydraulic properties of the spillway have changed due to the repairs that were performed on the Spring Lake Dam Spillway in 2001. By raising the bottom of the spillway chute with 14 inches, a change in the hydraulic properties of the water discharging the spillway chute and entering the river has occurred. . . . The 2001 repairs to the dam could have reduced or eliminated the dangerous condition had they been designed differently. For example, the original penstock caverns beneath Joe's Crab Shack should have been covered or closed off as part of this project.

4

sovereign immunity for his claims of negligent use of real and personal property and defective condition of real and personal property, to the extent those claims relate to the repairs made to the waterway by TSU. We further hold that because the pleadings regarding these particular claims rely on a design decision that is subject to the discretionary acts exception, such pleadings affirmatively negate the existence of jurisdiction and Bonnin need not be allowed an opportunity to amend.

Bonnin does, however, raise an additional premises defect claim that is unrelated to the repairs of the waterway, alleging that "TSU *allowed* and/or created a defective condition on the subject real property when it knew, or should have known, the property would be used for recreational purposes." (Emphasis added.) This particular claim is similar to the plaintiffs' claim in *State v. Shumake*, 199 S.W.3d 279 (Tex. 2006). In *Shumake*, the plaintiffs brought a premises defect claim after their daughter drowned while swimming at a state park, allegedly as a result of being sucked underwater by a powerful undertow and trapped in a man-made culvert. *Id.* at 281. The Shumakes alleged that the dangerous undertow was a premises defect, that the State was aware of the condition and failed to act, and that this failure to act involved an extreme degree of risk. *Id.* at 281-82. The Texas Supreme Court concluded that the plaintiffs' pleadings were sufficient to state a premises defect claim that not only fell within the Texas Tort Claims Act waiver of sovereign immunity, but also satisfied the heightened standard for liability imposed by the recreational use statute.[4] *Id.* at 288. The dangerous condition, as alleged by the plaintiffs in *Shumake*, was the undertow itself, rather than the design of the culverts. *Id.* at 281. Similarly, Bonnin, in alleging that TSU allowed a defective condition on real property, brings a premises defect claim based on the turbulent undertow itself, rather than the design decisions related to the waterway repairs. As a

---

[4] *See* discussion of recreational use statute, *infra*.

5

result, this claim, which does not rely on a design decision by TSU, is not subject to the discretionary act exception to the Tort Claims Act.

In determining whether Bonnin has established a waiver of sovereign immunity for his premises defect claim based on the turbulent undertow, we must address TSU's second issue, in which it argues that its sovereign immunity has not been waived under the recreational use statute. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001-.004 (West 2005 & Supp. 2008); *see also Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) (noting that "because the recreational use statute modifies the Tort Claims Act's waiver of sovereign immunity, it is properly part of the government's plea to the jurisdiction").

The Texas Tort Claims Act incorporates the limitations of liability articulated in the recreational use statute into a governmental unit's waiver of immunity from suit. Tex. Civ. Prac. & Rem. Code Ann. § 101.058 ("To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under this chapter, Chapter 75 controls."); *Miranda*, 133 S.W.3d at 225. The recreational use statute states, in relevant part:

> If an owner, lessee, or occupant of real property . . . gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> (1) assure that the premises are safe for that purpose;
>
> (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or
>
> (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

6

Tex. Civ. Prac. & Rem. Code Ann. § 75.002(c). Because Bonnin, in bringing his premises defect claim, alleges that TSU "knew, or should have known, the property would be used for recreational purposes," we will assume without deciding that the recreational use statute applies to the present case.

The recreational use statute limits the landowner's duty for premises defects to that which is owed a trespasser—a duty not to injure that person willfully, wantonly, or through gross negligence. *See Miranda*, 133 S.W.3d at 225. "Therefore, a governmental unit waives sovereign immunity under the recreational use statute and the Texas Tort Claims Act only if it is grossly negligent." *Id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 75.002(d) (recreational use statute does not limit liability where owner "has been grossly negligent or has acted with malicious intent or in bad faith"). When a premises defect claim subject to the recreational use statute is based on a natural condition, the plaintiff must also allege facts to establish that the condition was not open and obvious. *See Kirwan v. City of Waco*, 249 S.W.3d 544, 552 (Tex. App.—Waco 2008, pet. filed).

While Bonnin generally alleges gross negligence in his pleadings by stating, "Defendants['] behavior rises to the degree of gross negligence entitling Plaintiffs to punitive and/or exemplary damages," conclusory allegations of gross negligence, without additional facts supporting the claim, are insufficient to meet the standard imposed by the recreational use statute. *Flynn*, 228 S.W.3d at 660. Gross negligence is defined as an act or omission which involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the actor has actual, subjective awareness of the risk involved but proceeds with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2008). Bonnin's general allegations fail to demonstrate facts supporting

7

essential elements of gross negligence—that TSU was aware of the risk in this case or that it was consciously indifferent to the waterway's capacity to inflict serious injury—and therefore fail to establish subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 221 ("Due to the unusual confluence of standards erected by the Legislature for waiver of sovereign immunity in the Texas Tort Claims Act and the recreational use statute, plaintiffs must plead gross negligence to establish subject matter jurisdiction."). However, we find nothing in Bonnin's pleadings to affirmatively negate the existence of gross negligence.

Similarly, Bonnin's pleadings fail to allege facts to establish that the turbulent undertow was not open and obvious, but do not affirmatively negate such facts. While Bonnin represents in his petition that the "open and obvious waterway is regularly used for recreation and has been maintained by Defendant TSU for that purpose," we read this statement to describe the use of the waterway for recreational purposes as being open and obvious, rather than the dangerous condition of the undertow. This reading is supported by a later reference in the pleadings to "the open and obvious use of the dam, restaurant and adjacent waterways for recreation."

Where, as here, it is possible to cure a pleading defect, the plaintiff "must be given an opportunity to amend in response to a plea to the jurisdiction." *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see also Miranda*, 133 S.W.3d at 227 ("If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.").

We conclude that Bonnin failed to plead jurisdictional facts necessary to prove a waiver of sovereign immunity under the recreational use statute. *See Miranda*, 133 S.W.3d at 221;

8

*Kirwan*, 249 S.W.3d at 552. Because this pleading defect is one for which a plaintiff should be afforded an opportunity to amend, we remand this case to the trial court to allow Bonnin to replead.

In its third issue on appeal, TSU argues that Bonnin failed to plead or prove a claim for negligent use of tangible personal property. This argument is based solely on Bonnin's allegation that in making the repairs to the waterway, TSU was negligent in installing "various personal property in and around the waterway." TSU also asserts that Bonnin may not proceed on a general negligence claim once a premises defect claim has been identified on the same facts. Given our conclusion that the trial court did not have jurisdiction over Bonnin's claims related to the repairs made by TSU and that the only claim for which jurisdiction has not been affirmatively negated is a premises defect claim, we need not address TSU's third issue on appeal.

## CONCLUSION

We reverse the trial court's order denying TSU's plea to the jurisdiction and remand this case for proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson
  Dissenting opinion by Justice Waldrop

Reversed and Remanded

Filed: December 18, 2008

9