TEXAS STATE UNIVERSITY–
SAN MARCOS, Petitioner,

v.

Sam and Betty BONNIN, Individually,
and as Independent Co–Administra-
tors of the Estate of Jason Lee Bon-
nin, Respondents.

No. 09–0061.

Supreme Court of Texas.

June 25, 2010.

Greg W. Abbott, Attorney General of
Texas, Clarence Andrew Weber, First As-
sistant Attorney General, David S. Mor-
ales, Danica Lynn Milios, Office of the
Attorney General of Texas, Nelly R. Herr-
era, Office of the Attorney General, Tort
Litigation Division, Nichelle A. Cobb, As-
sistant Attorney General, Tort Litigation
Division, James C. Ho, Solicitor General of
Texas, Austin, TX, for Petitioner.

Chad Wilson Dunn, K. Scott Brazil, Bra-
zil & Dunn, LLP, Houston, TX, John Ken-
neth Schwartz, Locke Lord Bissell & Lid-
dell LLP, Austin, TX, for Respondents.

Jon L. Gillum, Locke Lord Bissell &
Liddell, Austin, TX, for Landry's Restau-
rants, Inc.

Scott Lyford, Mills Shirley LLP, San
Antonio, TX, for Freese Nichols, Inc.

PER CURIAM.

Jason Bonnin worked at Joe's Crab
Shack, a restaurant located on the grounds
of Texas State University—San Marcos.
On the evening of April 21, 2005, Jason
and a group of fellow employees celebrated
a colleague's final day at work by jumping
from the deck at Joe's Crab Shack into the
San Marcos River. After his second jump,
Jason was sucked into the undertow and
became trapped in the caverns beneath the
restaurant, where he drowned. Jason's
parents sued the University, alleging that
repairs made to the dam in 1998 created
an "unreasonably dangerous condition,"
and that the University was negligent in
failing to block access to the caverns.

The trial court denied the University's
plea to the jurisdiction. The court of ap-
peals reversed in part, holding that the
Bonnins failed to establish a waiver of
sovereign immunity for their claims of
negligent use and defective condition of
property, to the extent the claims chal-
lenged discretionary repairs made to the
waterway by the University. 315 S.W.3d
58. Because those pleadings "affirmative-
ly negate[d] the existence of jurisdiction,"
the court held that the Bonnins need not
be allowed an opportunity to amend. *Id.*
at 65. On the other hand, the court of
appeals held that the Bonnins' premises
defect claim under the recreational use
statute, TEX. CIV. PRAC. & REM.CODE
§ 75.002, "unrelated to the repairs of the
waterway," did not affirmatively demon-
strate incurable jurisdictional defects, and
remanded the case to allow the Bonnins to
amend their pleadings. *Id.* at 65.

The court of appeals looked to *State v.
Shumake,* 199 S.W.3d 279 (Tex.2006), in
concluding that the Bonnins raised a po-
tential premises defect claim. *Id.* at 65.
After the court of appeals issued its opin-
ion, we decided *City of Waco v. Kirwan,*
298 S.W.3d 618, 620 (Tex.2009), which clar-
ified the duty owed "to recreational users
to warn or protect [them] against the dan-
ger of a naturally occurring condition or
otherwise refrain from gross negligence
with respect to the condition."

Accordingly, without hearing oral argu-
ment, we grant the petition for review
without reference to the merits, vacate the
court of appeals' judgment, and remand

the case to that court for reconsideration in light of our decision in *Kirwan.* TEX. R.APP. P. 59.1, 60.2(f).

Justice LEHRMANN did not participate in the decision.