**TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES and Adelaide Horn, Commissioner, Appellants,**

v.

**SIERRA HOME CARE, L.L.C., Appellee.**

No. 08–06–00269–CV.

Court of Appeals of Texas, El Paso.

Aug. 23, 2007.

---

6.   Majority op. at 883.

7.   *Id.* at 883.

Eugene Clayborn, Assistant Attorney General, Administrative Law Division, Austin, for appellants.

Troy Eric Brooks, Houston, for appellee.

Before McCLURE, J., CARR, J., and BARAJAS, C.J. (Ret.).

## OPINION

KENNETH R. CARR, Justice.

Appellant Texas Department of Aging and Disability Services ("DADS") appeals

the trial court's denial of its plea to the jurisdiction and the court's entry of a temporary injunction in favor of Appellee, Sierra Home Care, L.L.C. ("Sierra"). Because the trial court did not have jurisdiction over the case, we will reverse the trial court's order and render judgment dismissing the case for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In Texas, Medicaid funds are administered through the Texas Health and Human Services Commission, and the commission's health and human service agencies. *See* TEX. GOV'T CODE ANN. §§ 531.001(4), 531.021. DADS is the health and human service agency responsible for administering human service programs for the aging and disabled populations of the state. *See* TEX. GOV'T CODE ANN. § 531.001(4)(L); TEX. HUM. RES.CODE ANN. § 161.071. In July 2004, Sierra signed a contract with DADS to provide Medicaid services in El Paso County. Under the contract, Sierra employees assist Medicaid recipients with "basic daily living activities" in the clients' homes. "Basic daily living activities" include bathing, personal hygiene, and shopping. Each employee records the number of hours he spends with each client, and the provider, Sierra, bills DADS for the hours of assistance which each client receives.

In a letter dated July 21, 2006, DADS informed Sierra that the department was terminating the provider's Medicaid contracts on August 31, 2006, and would prohibit Sierra from reestablishing its status as a provider for six years.[1] As grounds for the termination, the letter stated that Sierra was not in compliance with the terms and conditions of the contract and applicable state law, because the provider had not maintained the required two months' operating costs and had falsified records and billed DADS for goods and services that had not been provided to clients.

■ Sierra appealed DADS' decision to the Department of Health and Human Services on July 26, 2006. Sierra filed the declaratory judgment and injunction action underlying this appeal on August 18, 2006, challenging the constitutionality of DADS' actions and requesting an El Paso County district court to enjoin the agency from withholding payment, pending the outcome of Sierra's administrative appeal. DADS responded, in part, by filing a plea to the jurisdiction, arguing that, under the Texas Government Code, the only proper forum for the case was a Travis County district court.[2] *See* TEX. GOV'T CODE ANN. § 2001.038.

The trial court held hearings on August 31 and September 18, 2006. Following the second hearing, the trial court entered an order denying DADS' motion and entered a temporary injunction against DADS, directing it to refrain from the following actions:

(1) Implementing any client transfers from [Sierra] unless a client makes a

---

1. The parties had amended the contract in June 2006 to extend the expiration date from June 30, 2006 to June 30, 2008. The extension was effective July 1, 2006.

2. Although the trial court's order did not specify grounds for the denial, the order constitutes at least an implicit denial of DADS' argument that the El Paso County district court did not have subject-matter jurisdiction

over the case. We therefore have interlocutory jurisdiction to consider this appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8); *see also Thomas v. Long*, 207 S.W.3d 334, 339 (Tex.2006) (trial court's implicit denial of sheriff's jurisdictional challenge resulted in his right to bring an interlocutory appeal under section 51.014(a)(8)).

voluntary request to transfer from [Sierra] to another home care provider;

(2) Withholding vendor payments submitted by [Sierra]; and

(3) Implementing a client-hold against [Sierra].

The court also ordered Sierra to post a $25,000 bond.

DADS filed this interlocutory appeal on October 17, 2006. Because we have concluded that the legislature has limited jurisdiction over this type of administrative challenge to the district courts of Travis County, we will dissolve the injunction and grant DADS' plea to the jurisdiction.

## DISCUSSION

■■■ A plea to the jurisdiction is appropriate when a governmental unit believes that the trial court lacks subject-matter jurisdiction over a case. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Whether a trial court has subject-matter jurisdiction is a legal question which we review *de novo. Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). In considering jurisdictional pleas, a reviewing court examines the pleadings and any evidence relevant to the issue of jurisdiction. *Texas Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002). We construe the pleadings liberally and in the plaintiff's favor. *Id.*

Sierra brought this declaratory judgment action, alleging that DADS violated the home care provider's right to due process under the United States and Texas Constitutions by terminating the home care contracts and withholding payments, prior to Sierra's administrative appeal. In essence, Sierra argues that DADS applied its administrative regulations in an unconstitutional manner, because the application resulted in a violation of Sierra's right to notice and hearing.

The Texas Legislature has provided a mechanism for such challenges to administrative actions under the Government Code, which provides in relevant part:

(a) The validity or applicability of a rule, including an emergency rule adopted under Section 2001.034, may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

(b) The action may be brought *only* in a Travis County district court.

TEX. GOV'T CODE ANN. § 2001.038(a), (b) (emphasis added).

■■■ In any suit against a governmental entity, the plaintiff must plead a valid waiver of sovereign immunity. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). Without an express waiver of sovereign immunity, the trial court lacks subject-matter jurisdiction over the lawsuit. *Jones,* 8 S.W.3d at 638. In this case, Sierra argues that the case was properly pleaded under the Texas Uniform Declaratory Judgment Act. However, the UDJA is not a jurisdictional grant, but acts merely as a procedural device for dealing with cases already within the trial court's jurisdiction. *See Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex.2002). When the subject of the declaratory action is the application of an administrative rule to a private entity, the legislature has given jurisdiction exclusively to the Travis County district courts. *See* TEX. GOV'T CODE ANN. § 2001.038(a), (b). Therefore, the El Paso County district court did not have subject-matter jurisdiction over the case, and DADS' plea to the jurisdiction was erroneously denied.

The trial court's order denying DADS' jurisdictional plea is reversed and judgment is rendered, dismissing the case for lack of subject-matter jurisdiction. *See* TEX.R.APP. P. 43.2(c). There is therefore no reason to address the remainder of the issues presented for review. *See* TEX. R.APP. P. 47.1.

BARAJAS, C.J. (Ret.), sitting by assignment