

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00315-CV

IN THE MATTER OF THE
GUARDIANSHIP OF EDWIN
WOOLEY, AN ALLEGED
INCAPACITATED PERSON

----------

FROM PROBATE COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 2014-GD00251-2

----------

## CONCURRING MEMORANDUM OPINION[1]

----------

I agree with the majority opinion's ultimate conclusion that the probate court's order denying the amended plea to the jurisdiction filed by appellant the Department of Aging and Disability Services (DADS) must be affirmed. I write separately to delineate my bases for this conclusion.

No party disputes that DADS, specifically its guardianship-services program, received a referral to assess the appropriate guardianship services

---

[1]*See* Tex. R. App. P. 47.4.

needed by Edwin Wooley. *See* Tex. Hum. Res. Code Ann. §§ 48.209, 161.101(b) (West Supp. 2015); 40 Tex. Admin. Code § 10.203 (2016) (Tex. Dep't of Aging & Disability Servs., Guardianship Servs.). The court-appointed investigator filed an application for the appointment of a permanent guardian, "possibly" DADS. *See generally* Tex. Est. Code Ann. § 1054.152 (West 2014) (delineating general duties of court-appointed investigator). The probate court set a September 2014 hearing on the application for a permanent guardian. DADS filed a plea to the jurisdiction contending that it had completed its assessment of Wooley and "determined that guardianship was not appropriate"; thus, DADS argued that the probate court had no jurisdiction to appoint it as permanent guardian because DADS had not filed an application for such an appointment. *See* Tex. Hum. Res. Code Ann. § 161.101(d) (providing DADS may not be appointed permanent guardian unless it "files an application to serve or otherwise agrees to serve").

Apparently after discovering that an application for the appointment of a temporary guardian had not been filed, Wooley's guardian ad litem filed an application for the appointment of a temporary guardian, "possibly" DADS, on August 11, 2014. *See* Tex. Est. Code Ann. § 1251.003 (West Supp. 2015). The trial court set a hearing on the application for a temporary guardian for the next day. *See id.* § 1251.006(a) (West 2014). At the hearing, the probate court overruled DADS's plea "for purposes of application for temporary guardianship" because "the [Estates] Code expressly provides that the Court may appoint

2

DADS as a temporary guardian." *See generally id.* § 1022.005 (West 2014) (conferring exclusive jurisdiction on county probate court for "all guardianship proceedings"), § 1251.011 (West 2014) (allowing appointment of DADS as temporary guardian "only as a last resort"). The probate court, after hearing evidence, entered an order appointing DADS as Wooley's temporary guardian over DADS's objection. *See id.* §§ 1251.001, .010 (West 2014). The record reflects that a DADS representative took the oath to serve as Wooley's temporary guardian. *See id.* § 1251.101 (West 2014); Tex. Hum. Res. Code Ann. § 161.105 (West Supp. 2015). DADS does not argue on appeal that the temporary guardianship was improperly ordered or was outside of the probate court's subject-matter jurisdiction.

After the probate court appointed DADS as Wooley's temporary guardian, the investigator filed a notice in which he requested that DADS or any suitable person be appointed as Wooley's permanent guardian. DADS then filed an amended plea to the jurisdiction, again arguing that section 161.101 barred its appointment as permanent guardian and asserting for the first time that it was entitled to immunity from suit and liability as an agency of the State, which had not been affirmatively waived. DADS requested that the probate court "dismiss" DADS and "strike those portions of the [investigator's] pleadings" requesting appointment of DADS as a permanent guardian. When the trial court held its September 2014 hearing on the investigator's application for appointment of a permanent guardian, DADS raised the probate court's lack of subject-matter

jurisdiction based on section 161.101 and on its immunity from suit. The trial court stated that it would take DADS's amended plea and, presumably, the application for appointment of a permanent guardian "under advisement." That same day, the trial court entered an order denying DADS's amended plea to the jurisdiction. The record reflects that a permanent guardian has not been appointed, and it appears DADS continues to serve as Wooley's temporary guardian.

On appeal, DADS argues that the probate court did not have subject-matter jurisdiction over it because no valid waiver of its sovereign immunity exists and it has not consented to suit. DADS further asserts that any appointment of DADS as the permanent guardian is "jurisdictionally barred" based on section 161.101.

DADS raised in the probate court its alleged immunity from suit and from liability as a bar to its appointment as Wooley's permanent guardian. Immunity from liability is not an appropriate subject for a plea to the jurisdiction because it does not implicate a trial court's subject-matter jurisdiction; thus, any immunity from liability that DADS might be entitled to should not be addressed in this appeal from the trial court's denial of DADS's plea to the jurisdiction. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Indeed, DADS does not seem to urge immunity from liability in its brief on appeal. But DADS's argument that the probate court lacked jurisdiction based on its alleged immunity from suit should be addressed.

4

DADS currently is a state agency.[2] *See* Tex. Hum. Res. Code Ann. § 161.002 (West 2013). In general, state agencies are entitled to immunity from suit unless the State clearly consents. *See Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000). But the investigator's application was not a suit brought or maintained against DADS such that sovereign immunity was implicated. Immunity from suit bars a suit brought *against* a state agency absent legislative consent. *See Lubbock Cty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *see cf.* 40 Tex. Admin. Code § 7.905 (2016) (Tex. Dep't of Aging & Disability Servs., DADS Admin. Responsibilities) (stating that provisions governing negotiation and mediation of contract claims brought against DADS does not waive its immunity from suit or liability). Again, the investigator's application for a permanent guardian for Wooley was not a suit brought against DADS. Indeed, the cases cited by DADS in its brief are cases involving claims brought directly against a state agency. *See, e.g.*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 231–34 (Tex. 2004) (concluding state parks department had immunity from suit regarding personal-injury claim

---

[2]Effective September 1, 2017, DADS will be abolished and its functions transferred to the Health and Human Services Commission. *See* Tex. Gov't Code Ann. § 531.0202(b) (West Supp. 2015). This future abolition will not affect any actions taken by DADS before that date. *See id.* § 531.0202(c).

5

brought against it by park visitor);[3] *Tex. Dep't of Aging & Disability Servs. v. Sierra Home Care, L.L.C.*, 235 S.W.3d 835, 837–38 (Tex. App.—El Paso 2007, no pet.) (holding DADS had immunity from suit regarding declaratory-judgment action brought by home-healthcare company against DADS based on DADS's termination of its contracts with company to provide Medicaid services for DADS clients).  I would hold that DADS did not establish that it was entitled to immunity from suit because the application for appointment of a permanent guardian was not a suit brought against it.

DADS had an undisputed statutory duty to assess the guardianship services needed for Wooley and was properly before the court as his appointed temporary guardian.  *See* Tex. Hum. Res. Code Ann. §§ 161.071(10), 161.101(b) (West Supp. 2015) (setting forth DADS's general guardianship and assessment duties); 40 Tex. Admin. Code § 10.203 (specifying DADS's assessment duties, including requiring it to file "appropriate pleadings . . . stat[ing] the reasons that DADS may not be appointed guardian").  Because the probate court had subject-matter jurisdiction to appoint a permanent guardian for Wooley, it did not err by denying DADS's plea to the jurisdiction.  *See* Tex. Est. Code Ann. § 1104.101 (West 2014) (requiring probate court to appoint a permanent guardian for an

---

[3]The dissenting opinion relies on *Miranda* for the proposition that DADS is entitled to immunity from suit as a state agency, and I agree.  But I believe that the court investigator's application for a permanent guardian is not a suit against DADS as was the case in *Miranda*.

6

incapacitated person "according to the circumstances and considering the incapacitated person's best interests").

DADS's argument that section 161.101 is a jurisdictional bar to its appointment as permanent guardian also does not implicate the probate court's subject-matter jurisdiction. It is, on the one hand, an argument attempting to raise DADS's alleged immunity from liability, which is not appropriately raised in a plea to the jurisdiction. *See Taylor*, 106 S.W.3d at 696. The probate court has the ultimate responsibility to determine whether permanent guardianship is appropriate and who should serve as guardian. A finding that the probate court has this jurisdiction and authority, does not preclude DADS from arguing that section 161.101 prohibits the appointment of DADS in this case. Accordingly, we should not address these arguments in our review of the probate court's conclusion that it had subject-matter jurisdiction over the investigator's application and the guardianship proceedings.

With these comments, I concur in this court's judgment.


/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

DELIVERED: June 2, 2016


7