# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00797-CV

**Lee's Pharmacy & Medical Equipment, Appellant**

**v.**

**Texas Health and Human Services Commission and
Office of Inspector General, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-15-002339, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a determination by the Health and Human Services Commission ("the Commission") that its Office of Inspector General ("the OIG") is entitled to recover $10,602.00 from Lee's Pharmacy and Medical Equipment ("Lee") as a sanction for Lee's allegedly excessive Medicaid billing practices. Shortly after the disputed order was rendered, Lee filed a motion for rehearing with the Commission and a suit for judicial review in district court pursuant to section 2001.171 of the Texas Government Code. But Lee did not wait for a decision on the former before filing the latter, and the Commission filed a plea to the jurisdiction with the court,[1] arguing that Lee had failed to exhaust its administrative remedies as necessary to avail itself of the limited waiver of sovereign immunity provided by that statute. The district court rendered an

---

[1] The Commission filed all pleadings and briefs on behalf of itself and the OIG.

order granting the plea, and Lee filed timely appeal. Because we agree with the Commission that Lee did not abide by the procedures set forth in chapter 2001 of the Texas Government Code, we will affirm the district court's order to the extent it dismisses Lee's claim brought under section 2001.171 of that Code. But because Lee should have been afforded an opportunity to replead any other potentially viable causes of action, we reverse that order to the extent it granted the Commission's request for dismissal of the entire case and we remand the matter to the district court for further proceedings.

The Commission and Lee are in general agreement as to the relevant timeline. Lee first received notice of sanctions in 2012, following a compliance audit conducted by the OIG pursuant to its authority under section 51.102 of the Texas Government Code. Lee disagreed with the OIG's conclusions regarding its billing practices and requested a hearing from the Commission's appeals division, which held the hearing in 2014. The division issued its sanctions order on May 14, 2015, and Lee filed its motion for rehearing on June 3, 2015. It then filed suit for judicial review on June 12, 2015, several weeks before its motion for rehearing was ultimately overruled by operation of law. *See* Tex. Gov't Code § 2001.146(c) (allowing agencies 45 days to act on motion for rehearing before that motion is overruled by operation of law). The Commission filed its plea to the jurisdiction a year later, which the district court granted after a hearing on the motion.

But while the parties agree as to these material dates, they disagree as to whether, under the Administrative Procedure Act ("APA") as it existed in 2014, the district court has jurisdiction over the disputed sanctions order given that Lee failed to exhaust its administrative remedies prior to filing the suit for judicial review. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268,

2

§ 1, 1993 Tex. Gen. Laws 583, 732–52 (amended 1999 & 2015) (current version at Tex. Gov't Code §§ 2001.001–.902). According to Lee, the Commission's rules "required Lee's Pharmacy to seek judicial review before its motion for rehearing was ruled on," resulting in what it describes as "a jurisdictional catch-22" whereby Lee could either exhaust its remedies as required by the APA or comply with the review timeline set forth by rule, but could not accomplish both. The Commission denies any conflict between its rules and the APA and argues that even if there were conflict, its rules would give way to the statute.

Where jurisdictional facts are not in dispute, as is the case here, we review a trial court's jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). We also review the interpretation of statutes and regulations de novo. *See, respectively*, *Titan Transp., LP v. Combs*, 433 S.W.3d 625, 636 (Tex. App.—Austin 2014, pet. denied) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)); *Hegar v. Autohaus LP*, 514 S.W.3d 897, 902 (Tex. App.—Austin 2017, pet. filed) (construing administrative rules in same manner as statutes because they have the "same force and effect" as statutes (citing *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999))).

"Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit." *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). A state agency may assert sovereign immunity "through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable

3

defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda*, 133 S.W.3d at 226–27. But "if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227; *see also Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (affirming grant of plea to jurisdiction only after holding it "impossible for [plaintiff] to amend the pleadings to invoke jurisdiction").

The parties recognize that the APA is the only potential source of legislative consent to Lee's suit as currently pleaded. That Act, as applicable to this dispute, provides, "A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review." Tex. Gov't Code § 2001.171 (2014). Such a person must file a petition for judicial review "not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable." *Id*. § 2001.176. "A decision in a contested case is final . . . if a motion for rehearing is filed on time, on the date: (A) the order overruling the motion for rehearing is rendered; or (B) the motion is overruled by operation of law." *Id*. § 2001.144. "A timely motion for rehearing is a prerequisite" to judicial review, except under circumstances not at issue here. *Id*. § 2001.145(a). These "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements . . . ." *Id.* § 311.034.

The APA, as it reads today, expressly addresses suits like Lee's that are filed while a motion for rehearing is still pending at the agency: "In a contested case in which a motion for rehearing is a prerequisite for seeking judicial review, a prematurely filed petition is effective to initiate judicial review and is considered to be filed: (1) on the date the last timely motion for

4

rehearing is overruled; and (2) after the motion is overruled." *Id.* § 2001.176(a). But that provision does not apply to Lee's case, as the enacting legislation provides, "A hearing set before [September 1, 2015], or any decision issued or appeal from the hearing, is governed by the law in effect when the hearing was set, and the former law is continued in effect for that purpose." Act of June 16, 2015, 84th Leg., R.S., ch. 625, § 11, Tex. Gen. Laws 2058, 2061. Lee's hearing was set in 2014 or earlier, so we must apply the former version of the APA to its case.[2]

Lee contends Commission Rule 371.1617 establishes a timeline for review of sanctions orders that conflicts with the timing dictated by the APA. *See* 1 Tex. Admin. Code § 371.1617(a)(3) (2018) (finality and collections). As relevant to this appeal, that rule states, "Unless otherwise provided in this subchapter, a sanction becomes final upon . . . a final order entered by the Executive Commissioner or his designee after an administrative contested case hearing." *Id.* The person subject to the order must then, "within 30 days after the date on which the sanction becomes final . . . (1) pay the amount of the overpayment, assessment of damages, penalties, or other costs; (2) negotiate and execute a payment plan . . . ; or (3) file a petition for judicial review . . . ." *Id.* § 371.1617(b). Lee argues the disputed sanctions order was the "final" sanctions order and thus that the 30-day clock began ticking when the Commission rendered that order on May 14, 2015. Lee therefore contends it had no choice but to pay the sanction, negotiate a settlement, or file the petition for judicial review within that 30-day time period—weeks before the motion for rehearing was denied by operation of law.

---

[2] The date the hearing was set is not clear from the limited record before this Court, but the hearing itself commenced on October 20, 2014.

5

Lee's proposed interpretation of Rule 371.1617 is irreconcilable with the language of the rule itself. The rule states that the sanction becomes final when a "final order" is entered "after an administrative contested case hearing." *Id.* § 371.1617(a)(3). Contested case hearings are governed by chapter 2001 of the Government Code. *See* Tex. Gov't Code § 2001.003(1) ("'Contested case' means a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing."). Orders rendered through contested case hearings are not final until the motion for rehearing has been adjudicated or denied by operation of law. *See id.* § 2001.176. Thus, not only is Rule 371.1617(a)(3) ***not*** in conflict with the APA, but by referring to contested case hearings, it expressly incorporates APA procedures.

Moreover, even if there were any way to construe subsection (a)(3) of Rule 371.1617 as somehow establishing a different standard of finality, that standard would still be subject to the caveat "[u]nless otherwise provided in this subchapter." 1 Tex. Admin. Code § 371.1716(a). The subchapter includes Rule 371.1719, "recoupment of overpayments identified by audit," which states that sanctions hearings like this one must be conducted in accordance with the APA. *Id.* § 371.1719(d)(4). It also stipulates that the recoupment collections process "is not initiated until the appeal has been finally determined," thereby mitigating any concern that the agency would try to collect the sanction before Lee could avail itself of judicial review. *Id.* § 371.1719(e)(4). Because this rule addresses the specific type of hearing at issue here, and because the more general rule, Rule 371.1617, expressly yields to more specific provisions of the same subchapter, Lee was bound by the procedures set forth in the APA. *Id.* § 371.1716(a); *see also* Tex. Gov't Code § 311.026

(requiring general and specific provisions to be construed in harmony where possible and providing that specific will govern in the event of conflict); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 297–99 (Tex. 2011) (applying section 311.026 to resolve conflict between statutes and administrative rules). Accordingly, the district court did not err in rejecting Lee's interpretation of the rule and sustaining the Commission's jurisdictional challenge to Lee's claim for judicial review under the APA.

The only remaining issue is whether Lee should be afforded an opportunity to amend its petition. "When this Court upholds a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011). We agree with the Commission that, due to the undisputed timing of Lee's motion for rehearing and petition for judicial review, Lee's claim under the APA suffers from an incurable jurisdictional defect and amendment of that claim would be futile. We disagree, however, with its contention that the petition affirmatively negates the possible existence of jurisdiction over the subject matter of this dispute. Depending upon the nature of the allegations and the type of relief sought, there are often multiple causes of action by which an aggrieved party may challenge government action. Neither Lee's pleadings nor the Commission's plea shows it is impossible for Lee to amend its petition to invoke that jurisdiction, and Lee must therefore be afforded an opportunity to amend. *Id.* at 621–22; *Miranda*, 133 S.W.3d at 226–27; *Ramirez*, 74 S.W.3d at 867. Because the subject matter of this dispute is not before this Court in this procedural posture, we express no opinion as to the viability of any claims Lee might plead on remand.

7

For the reasons stated herein, we affirm the district court's order to the extent it grants the Commission's plea to the jurisdiction as to the claim for judicial review under chapter 2001 of the Government Code, but we reverse the order to the extent it grants the Commission's request, as set forth in its plea, to dismiss the entire case for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed in Part, Reversed and Remanded in Part

Filed:   July 5, 2018