TEXAS DEPARTMENT OF
TRANSPORTATION,
Petitioner,

v.

Cecilia M. RAMIREZ, et
al., Respondents.

No. 01–0432.

Supreme Court of Texas.

April 25, 2002.

Rehearing Overruled June 6, 2002.

4.  39 S.W.3d at 602.

5.  951 S.W.2d at 416.

John Cornyn, Attorney General, Howard G. Baldwin, First Assistant Attorney General, William Rich Thompson, II, David Bass Strain, Jeffrey S. Boyd, Office of the Attorney General of Texas, Julie Caruthers Parsley, Office of the Solicitor General of Texas, Austin, for petitioner.

Price Ainsworth, Francis Y. Pan, Spivey & Ainsworth, Austin, for respondents.

PER CURIAM.

In this wrongful-death action, we decide whether the Texas Tort Claims Act waives sovereign immunity from suit for a premise-defect claim based on an allegedly dangerous highway median. Cecilia Ramirez alleged that the Texas Department of Transportation's failure to correct or warn about a dangerous highway condition, which enabled a car to cross a highway median and collide with her husband's car, caused her husband's death. *See* TEX. CIV. PRAC. & REM.CODE §§ 101.001–.109. TxDOT filed a plea to the jurisdiction, which the trial court denied. The court of appeals affirmed, concluding that Ramirez's petition "sufficiently alleged a defective condition." 72 S.W.3d 376, 383. We disagree. As a matter of law, Ramirez's claims against TxDOT involve discretionary acts for which the State retains sovereign immunity. Therefore, we reverse the court of appeals' judgment and dismiss Ramirez's claims for want of jurisdiction.

Ruben Ramirez, Sr., was driving southbound on Interstate Highway 35 near Slaughter Lane in Austin. Another driver, who was traveling northbound, lost control of her car. That car crossed the grassy median and hit Ruben's car head-on. Ruben died at the scene.

Ruben's widow and children (Ramirez) sued TxDOT under the Texas Tort Claims Act (the Act). Ramirez alleged that the highway's condition where the accident occurred was "dangerous" and that before Ruben's death, "there had been numerous head-on collisions involving vehicles crossing the narrow grass median and colliding with vehicles traveling in the opposite direction." Citing to section 101.022(a) of the Act, Ramirez also asserted that TxDOT "owed the same duty of care to [Ruben] that a private person would owe to a licensee on private property." *See* TEX. CIV. PRAC. & REM.CODE § 101.022(a).

Ramirez then claimed that TxDOT "breached that duty by its failure to correct and/or to warn [Ruben] of the presence of the defect of the roadway," and that TxDOT's breach proximately caused Ruben's death. TxDOT filed a plea to the jurisdiction and a summary judgment motion. After a hearing, the trial court denied both motions.

TxDOT filed an interlocutory appeal of the trial court's order denying the jurisdictional plea. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8). The court of appeals noted that Ramirez's expert report, considered at the jurisdictional hearing, identifies the alleged defect as "the slope of the northbound lanes in relation to the southbound lanes and the slope of the grassy median." 72 S.W.3d at 383. However, the court of appeals also observed that Ramirez's supplemental brief, which states that "[i]t is a defective condition of IH 35 that allows a car traveling in the opposite direction to cross a median," suggests "the alleged defect may be [TxDOT's] failure to install safety features." 72 S.W.3d at 383. Construing Ramirez's petition liberally, the court of appeals held that Ramirez alleged a premise-defect claim under section 101.021(2) of the Act. 72 S.W.3d at 383. Moreover, the court concluded that TxDOT did not meet its burden to show that Ramirez's petition, on its face, alleges facts that fall within the exceptions to the Act's waiver of sovereign immunity. 72 S.W.3d at 385. Therefore, the court of appeals affirmed the trial court's order. 72 S.W.3d at 385.

■ TxDOT petitioned this Court for review. We have jurisdiction to review the court of appeals' decision only if the court of appeals held differently from this Court's or another court of appeals' prior decision on a legal question material to the case. *See* TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c); *Texas Natural Res. Conserva-*

*tion Comm'n v. White,* 46 S.W.3d 864, 867 (Tex.2001). The rulings in the allegedly conflicting cases must be " 'so far upon the same facts that the decision of one case is necessarily conclusive of the decision in the other.' " *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 551 (Tex.2000) (citations omitted).

We conclude that the court of appeals' decision conflicts with *State v. Rodriguez,* 985 S.W.2d 83 (Tex.1999). In *Rodriguez,* we held that the Act does not waive the State's sovereign immunity from suit for claims involving roadway design, because roadway design is a discretionary act. *Rodriguez,* 985 S.W.2d at 85. In contrast, the court of appeals below determined that Ramirez's allegations—which involve the highway median's design—sufficiently alleged a tort claim under the Act. 72 S.W.3d at 383. Therefore, we have conflicts jurisdiction to consider this interlocutory appeal. *See* TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c); *White,* 46 S.W.3d at 867; *Bland,* 34 S.W.3d at 551.

■ The State's sovereign immunity from suit for tort claims is waived to the extent the Act creates liability. TEX. CIV. PRAC. & REM.CODE § 101.025(a). The Act waives the State's immunity for, among other things, injury or death "caused by a condition or use of tangible personal or real property...." TEX. CIV. PRAC. & REM. CODE § 101.021(2). If the dangerous condition is a "premise defect," the Act limits the State's duty to "only the duty that a private person owes to a licensee on private property." TEX. CIV. PRAC. & REM.CODE § 101.022(a). Whether a condition is a premise defect is a legal question. *State v. Burris,* 877 S.W.2d 298, 299 (Tex.1994).

■ The Act's waiver of immunity "does not apply to a claim based on ... a governmental unit's decision not to perform an act or on its failure to make a decision

on the performance or nonperformance of an act if the law leaves the performance or nonperformance of the act to the discretion of the governmental unit." TEX. CIV. PRAC. & REM.CODE § 101.056(2). For instance, the "[d]esign of any public work, such as a roadway, is a discretionary function involving many policy decisions, and the governmental entity responsible may not be sued for such decisions." *Rodriguez,* 985 S.W.2d at 85. Likewise, decisions about installing safety features are discretionary decisions for which the State may not be sued. *See, e.g., State v. Miguel,* 2 S.W.3d 249, 251 (Tex.1999); *Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 463 (Tex. App.-Austin 1994, writ denied).

■ In considering jurisdictional pleas, an appellate court reviews the pleadings and any evidence relevant to the jurisdictional issue. *Texas Dep't of Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Bland,* 34 S.W.3d at 555. We construe the pleadings liberally in the plaintiff's favor. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). To sue the State for a tort, the pleadings must state a claim under the Act. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 639 (Tex.1999). Mere reference to the Act is not enough. *Miller,* 51 S.W.3d at 586. A plaintiff has a right to amend her pleadings to attempt to cure pleading defects if she has not alleged enough jurisdictional facts. *Texas Ass'n of Bus.,* 852 S.W.2d at 446. However, if it is impossible to amend the pleadings to invoke jurisdiction, the trial court should dismiss the plaintiff's suit. *See City of Midland v. Sullivan,* 33 S.W.3d 1, 7 (Tex. App.-El Paso 2000, pet. dism'd w.o.j.).

■ Here, Ramirez's petition alleges that the highway's condition where the accident occurred was "dangerous," and therefore, TxDOT had a duty "to correct and/or to warn [Ruben] of the presence of the defect of the roadway." At the jurisdictional hearing, Ramirez offered fourteen police reports about similar accidents on the same section of highway to establish the highway's dangerous condition and to show that TxDOT knew about the dangerous condition. Ramirez also offered an expert's opinion letter, which explains that TxDOT could have remedied the dangerous condition by flattening the median's slope or installing concrete median barriers or guardrails.

After reviewing Ramirez's pleadings and the evidence, we conclude that Ramirez does not have a cognizable premise-defect claim under the Act. Ramirez alleges that a dangerous condition related to the highway median's slope and lack of safety features caused her husband's death. However, the median's slope and the lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary-function exception. *See* TEX. CIV. PRAC. & REM.CODE § 101.056; *Miguel,* 2 S.W.3d at 251; *Rodriguez,* 985 S.W.2d at 85; *Maxwell,* 880 S.W.2d at 463–64. Thus, Ramirez's petition does not state a premise-defect claim under the Act.

■ Generally, we allow a litigant to amend to cure pleading defects when the pleadings do not allege enough jurisdictional facts. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Sullivan,* 33 S.W.3d at 7. But this is not a pleading-defect case. Here, the pleadings and the evidence affirmatively show that all Ramirez's factual complaints concern discretionary decisions for which the State retains immunity from suit under section 101.056 of the Act. *See* TEX. CIV. PRAC. & REM.CODE § 101.056(2); *Miguel,* 2 S.W.3d at 251; *Rodriguez,* 985 S.W.2d at 85; *Maxwell,* 880 S.W.2d at 463–64. The pleaded facts and the evidence thus demonstrate that it is impossible for Ramirez to amend the pleadings to

invoke jurisdiction. *See Sullivan*, 33 S.W.3d at 7. Therefore, Ramirez's suit must be dismissed. *See Sullivan*, 33 S.W.3d at 7.

Accordingly, we grant TxDOT's petition for review. Without hearing oral argument, we reverse the court of appeals' judgment and dismiss Ramirez's claims for want of jurisdiction. *See* TEX.R.APP. P. 59.1, 60.2(c).