# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00593-CV

### Texas State University - San Marcos, Appellant

### v.

### Sam Bonnin, Appellee

## FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
## NO. 05-1738, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent. The majority's remand of this case is not consistent with our obligation to dismiss when the pleadings and jurisdictional evidence affirmatively negate jurisdiction. The pleadings and jurisdictional evidence demonstrate that Bonnin's factual complaints concern discretionary decisions for which the State retains immunity from suit. Therefore, I would reverse the district court's order denying TSU's plea to the jurisdiction and dismiss Bonnin's suit against TSU.

In deciding a plea to the jurisdiction, we may not weigh the merits of the plaintiff's claims but must consider only the plaintiff's pleadings, construed in the plaintiff's favor, as well as evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings and jurisdictional evidence affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted without allowing the

plaintiff an opportunity to amend. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

With regard to TSU's first point on appeal, the majority correctly concludes that Bonnin failed to establish a waiver of sovereign immunity for his claims "to the extent those claims relate to the repairs made to the waterway by TSU." The Tort Claims Act's waiver of immunity does not apply to discretionary decisions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (West 2005). This exception for discretionary acts applies to the design of public works. *See State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex. 1999).

The majority then concludes, however, that Bonnin has raised a premises-defect claim that is unrelated to the repairs of the waterway. In his pleadings, Bonnin alleges that TSU allowed a defective condition to exist on the property. According to the majority, this claim is not based on TSU's design decisions related to the waterway repairs; rather it is based on the water's turbulent undertow somehow independent of the design of the waterway. To reach this conclusion, the majority fails to accurately evaluate the jurisdictional evidence alleged by Bonnin.

Bonnin plainly alleges that TSU's design decisions are the *cause* of the turbulent undertow. According to the expert report attached to Bonnin's petition, the dangerous condition of the spillway was "due to the repairs that were performed on the Spring Lake Dam Spillway in 2001," and could have been reduced or eliminated had the 2001 repairs to the dam "been designed differently." In his briefing before this Court, Bonnin has continued to characterize his claims in this manner, stating that the "defective condition [that caused Jason's death] was made as a result of a design decision by the Appellant," and that "the acts complained of by Appellee . . . are design

2

decisions." This is not a case in which the plaintiff alleges—or in which the jurisdictional facts indicate he could allege—negligent maintenance in response to alterations from the original design as time passed, *see Texas Parks & Wildlife Dep't v. Davis*, 988 S.W.2d 374 (Tex. App.—Austin 1999, no pet.), or a condition resulting from negligent construction that deviated from the original design, *see City of Mission v. Cantu*, 89 S.W.3d 795, 812-13 (Tex. App.—Corpus Christi 2002, no pet.). According to Bonnin's pleadings and factual allegations, Bonnin's causes of actions against TSU are based on property conditions—the spillway's hydraulic properties and the penstock caverns' accessibility—that are the direct result of TSU's 2001 redesign of the dam and spillway.

The majority relies on *State v. Shumake*, 199 S.W.3d 279 (Tex. 2006), to support its position that Bonnin has asserted a claim that is not subject to the exception for discretionary acts under the Tort Claims Act. However, the Texas Supreme Court in *Shumake* addressed only the recreational-use exception of the Tort Claims Act. *See generally* 199 S.W.3d 279. The court did not consider whether a design decision was involved, nor did the court address the discretionary-acts exception. *Shumake* is simply not relevant to the inquiry here.

This case is instead governed by *Texas Department of Transportation v. Ramirez*, 74 S.W.3d 864 (Tex. 2002), the analysis and rationale of which are dispositive of the claims here. In *Ramirez*, a car driving on Interstate Highway 35 crossed the grassy median and hit the plaintiffs' relative head-on, resulting in his death. 74 S.W.3d at 865. The plaintiffs asserted a premises-defect claim against the Texas Department of Transportation based on an allegedly dangerous highway condition. *Id.* The alleged defect of the highway where the accident occurred, according to the plaintiffs, was either the slope of the lanes and median or the lack of safety features installed at the

3

location. *Id.* at 866. At the hearing on the plea to the jurisdiction, the plaintiffs offered an expert's opinion letter that explained methods by which the highway's design could have been remedied in order to avoid the accident—flattening the median's slope or installing concrete median barriers or guardrails. *Id.* The trial court denied the Department's plea to the jurisdiction, and the Department appealed. The Texas Supreme Court reversed the judgment of this Court and held that the plaintiffs did not have a cognizable premises-defect claim under the Act because the alleged defective condition of the highway—its slope and lack of safety features—reflected design decisions, which are discretionary acts for which the Department retained immunity under the Act. *See id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.056). Moreover, the supreme court went on to hold that the plaintiffs would not receive an opportunity to amend their pleadings because "the pleadings and the evidence affirmatively show that all Ramirez's factual complaints concern discretionary decisions for which the State retains immunity from suit under section 101.056 of the Act." *Id.* at 867-68. Thus, according to the Texas Supreme Court in *Ramirez*, when a property's dangerous condition is the result of the design of an improvement on the property, sovereign immunity is not waived under the Tort Claims Act for a premises-defect claim based on that dangerous condition. *See id.* at 867.

I see no meaningful distinction between *Ramirez* and this case. Bonnin asserts a premises-defect claim against TSU based on an allegedly dangerous condition that Bonnin plainly alleges was due to the design of the waterway and/or the design of renovations to the waterway. The alleged defects of the waterway identified in Bonnin's pleadings are the hydraulic properties of the spillway resulting from the 2001 repairs and the lack of safety features installed beneath the

4

restaurant. At the jurisdictional hearing, Bonnin offered an expert report that explained a method by which the dam's design could have been remedied in order to avoid the accident—covering the caverns beneath the restaurant. As in *Ramirez*, the alleged defective condition of the waterway in this case reflects design decisions by a state governmental entity. Even according to Bonnin's own allegations, the turbulent undertow was a result of design decisions. Therefore, in accordance with the Texas Supreme Court's *Ramirez* opinion, I would hold that there is no need to remand this case because the pleadings and the evidence affirmatively demonstrate that all of Bonnin's complaints concern discretionary decisions for which the State retains immunity from suit under section 101.056 of the Act.[1] *See id.* at 867-68.

Bonnin's pleadings and jurisdictional facts affirmatively negate the existence of jurisdiction. Consequently, in addition to reversing the district court's order denying TSU's plea to the jurisdiction, I would dismiss Bonnin's suit against TSU for lack of subject-matter jurisdiction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Filed:  December 18, 2008

---

[1] Since the discretionary-acts exception of the Tort Claims Act is dispositive of all claims, there is no need for this Court to address the issues raised in TSU's remaining points on appeal—the recreational-use statute and the negligent use of tangible personal property.