# IN THE SUPREME COURT OF TEXAS

No. 19-0767

TEXAS PROPANE GAS ASSOCIATION, PETITIONER,

v.

THE CITY OF HOUSTON, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

JUSTICE BLACKLOCK, joined by JUSTICE BOYD, concurring in part and dissenting in part.

Courts cannot enjoin a statute or ordinance at the request of a party who is not injured by the statute or ordinance. This elementary principle of standing provides an important limitation on the judiciary's power relative to the other branches of government. It should be rigorously observed, even when doing so seems technical, because courts "are not roving commissions assigned to pass judgment on the validity of . . . laws." *Broadrick v. Oklahoma*, 413 U.S. 601, 611 (1973). Instead, our duty is to withhold judgment on "all the separate phases of a comprehensive statute until faced with cases involving particular provisions as specifically applied to persons who claim to be injured." *Watson v. Buck*, 313 U.S. 387, 402 (1941).

Under the federal courts' view of standing, which this Court has adopted into Texas law, "[i]t is now beyond cavil that plaintiffs must establish standing for each and every provision they challenge." *In re Gee*, 941 F.3d 153, 161–62 (5th Cir. 2019) (per curiam) (rejecting omnibus

challenge to the State of Louisiana's abortion regulations). TPGA's pleadings do not even attempt to meet that burden. Instead, TPGA seeks the judicial invalidation of the entirety of the City of Houston's liquid petroleum gas (LPG) regulatory scheme despite alleging concrete injury as to, at most, a small subset of the City's regulations. The Court's decision nevertheless authorizes TPGA to seek an injunction against *all* the City's LPG regulations on the theory that, if all the regulations are invalid, they are all invalid for the same reason as the regulations for which the City alleges a concrete injury.

This Court is not bound by the federal courts' view of standing, but if we take seriously the notion that federal standing doctrine has been incorporated into Texas law, we should not depart so starkly from the consensus view of the federal courts when it comes to plaintiffs' standing to challenge statutes and regulations. Under that view, "[t]o ensure that standing is not dispensed in gross, the [] court must analyze Plaintiffs' standing to challenge each provision of law at issue." *Id*. TPGA makes no attempt to establish its "standing to challenge each provision of law at issue," and regrettably, the Court's decision makes no attempt to require it to do so.

As a practical matter, it seems likely that the members of the Texas Propane Gas Association face injury or threatened injury from most—if not all—of Houston's LPG regulations. But standing is not established by supposition or surmise. Standing is established by pleading and proving facts demonstrating, among other things, that the challenged government action is injuring or threatens to injure the plaintiff. Absent that showing, the plaintiff has no standing to challenge the regulation, and the courts have no power to enjoin it.

None of this is to say that TPGA cannot obtain relief from the courts for the City's alleged continued enforcement of expressly preempted ordinances. At least three options are available.

2

First, TPGA could amend its pleadings to allege injury as to each provision it wants the courts to declare invalid; this may take some effort, but it is not an unfamiliar burden for plaintiffs seeking judicial invalidation of statutes or regulations. Second, TPGA could proceed with a targeted challenge to particular aspects of the City's LPG regulations and use that proceeding to establish the legal precedent that *all* the City's LPG regulations are preempted by state statute. Third, TPGA could assist its members who are prosecuted for violating allegedly preempted ordinances and thereby advance its preemption arguments as a defensive matter. What TPGA should not be permitted to do, however, is seek judicial invalidation of wide swaths of regulatory territory without even alleging in its petition that its members face threatened injury from each provision it wants invalidated.

Because the Court's decision departs from bedrock principles of standing, I respectfully dissent in part. I also concur in part, however, because TPGA has adequately pleaded injury with respect to at least some provisions of the City's LPG regulations.[1] It should be permitted to

---

[1] Specifically, TPGA's petition alleges that "in July 2015, [a TPGA] member, Green's Blue Flame Gas Company, Inc., became involved with a project" involving "installation of an LP-Gas tank." "Inspector Michael Gonzalez, with Houston Fire Marshall's Office," demanded that the installation comply with "requirements from Houston's Fire Code and the 2006 and 2012 International Fire Codes" that were more restrictive than those imposed by the state-law LP-Gas Safety Rules. "Inspector Gonzalez refused to issue anything more than a series of 90-day temporary permits for this LP-Gas installation, charging [Green's Blue Flame] $2,180 in permit fees in the process." Although this incident took place several years ago and does not necessarily establish an ongoing threat of injury on its own, TPGA also alleges that the mayor of Houston and its city attorney have indicated their intention to continue enforcement of the City's LPG regulations. In my view, these allegations are sufficient at the pleading stage to establish TPGA's standing as to all provisions of the City's ordinances implicated by this incident.

As the Court notes, TPGA's petition also mentions four other incidents of Houston's enforcement of its LPG regulations, but the petition does not provide sufficient information to determine whether *TPGA members* were thereby injured. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518–19 (Tex. 1995) ("An association may sue on behalf of its members" only if, *inter alia*, at least some such "members . . . would have standing to sue in their own right."). Nor, in several places, is the petition specific about which municipal regulations were at issue in the incidents of which it complains.

3

proceed with a challenge to those provisions, which, if successful, could establish a precedent on the underlying preemption question that would doom all the City's other LPG regulations. As for TPGA's challenge to the rest of the City's LPG regulatory scheme, for which TPGA has not sufficiently pleaded concrete injury, I would affirm the court of appeals' judgment and remand those claims to allow TPGA to replead them if it wishes to continue pursuing an omnibus challenge to all the City's LPG regulations.[2]

\* \* \*

This Court has adopted the standing criteria articulated by the U.S. Supreme Court as a means of evaluating litigants' standing under the Texas Constitution. *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012). To establish standing under this framework, a plaintiff must plead facts showing that (1) he has suffered, or is at imminent risk of suffering, a "concrete and particularized . . . injury"; (2) the injury is "traceable" to the defendant's challenged actions; and (3) the injury will "'likely' . . . be 'redressed by a favorable decision.'" *Id.* at 154–55 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). We often look to federal case law for guidance in applying these criteria. *Id.* at 152 n.60. Like the federal courts, we analyze standing "*claim-by-claim*," so as to "ensure that a particular plaintiff has standing to bring each of his particular claims." *Id.* at 153 (citing *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). This case presents the question of how to apply this claim-by-claim analysis when a plaintiff challenges a wide swath of government regulations.

---

[2] I agree with the Court that TPGA's claims against the City are not "criminal law matter[s]" of the sort that may not be brought to this Court.

4

TPGA seeks a declaratory judgment that all of Houston's LPG ordinances—of which there are hundreds—are categorically preempted by state law. The Court concludes that TPGA has adequately alleged standing to pursue this sweeping declaration based on the lone allegation that fees were assessed against one TPGA member pursuant to one aspect of the City's regulations. Although I disagree with the Court's decision, there seems to be broad agreement on two basic principles. First, to establish standing to challenge government action, a plaintiff must plead facts showing (among other things) that he has suffered, or is likely to suffer, a concrete injury as a result of the challenged action. Second, this showing must be made with respect to each of the plaintiff's claims. The Court's opinion affirms the validity of both propositions, but it misapplies them to this case by (1) allowing TPGA to opportunistically define its lone "claim" as an omnibus challenge to all the LPG regulations; and (2) holding that alleging injury from one or two LPG regulations gives TPGA standing to bring an omnibus challenge against all the LPG regulations.

Although I am aware of no Texas decisions confronting this precise issue, the federal jurisprudence is emphatic in requiring plaintiffs seeking judicial invalidation of entire regulatory schemes to allege injury as to each provision challenged. "[S]tanding is not dispensed in gross," the U.S. Supreme Court has explained. *Lewis*, 518 U.S. at 357. "[A] citizen aggrieved in one respect" by "one particular inadequacy in government administration" does not thereby acquire standing to "bring the whole structure of state administration before the courts for review." *Id*. at 358 n.6. Thus, the fact "that a plaintiff has standing to challenge one of a statute's provisions does not mean the plaintiff has standing to challenge all of them." *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008). Nor can he, "'by virtue of his standing to challenge one government action, challenge other governmental actions that did not injure him'—by referring to regulatory

5

actions in gross" as part of a single "regulatory scheme." *Id.* at 617–18 (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 353 n.5 (2006)). The federal case law uniformly so holds.[3]

These decisions are consistent with a principle articulated by the U.S. Supreme Court long ago: The judiciary should "delay passing upon the constitutionality of all the separate phases of a comprehensive statute until faced with cases involving particular provisions as specifically applied to persons who claim to be injured." *Watson v. Buck*, 313 U.S. 387, 402 (1941). TPGA attempts to circumvent this clear line of authority by arguing that, although standing is properly established on a claim-by-claim basis, TPGA has just one claim. Its claim is "that *all of* Houston's [LPG] regulations . . . are preempted . . . as a blanket matter." The Court agrees with this argument, but all the available precedent squarely rejects it. "[S]tanding regarding one aspect of a policy cannot be bootstrapped into standing as to the rest." *Rock for Life-UMBC v. Hrabowski*, 411 Fed. Appx. 541, 547 (4th Cir. 2010). Likewise, a plaintiff "cannot leverage its injuries under certain, specific provisions [of an ordinance] to state an injury under the . . . ordinance generally." *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 892 (9th Cir. 2007). "[S]tanding 'focuses on the party seeking'" to invoke a court's jurisdiction "and not on the issues he wishes to have adjudicated." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976) (quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)). As this Court has noted, "a plaintiff who has been subject to injurious conduct of one

---

[3] *See, e.g.*, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733–34 (2008); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 233–36 (1990); *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 62 n.2 (1976); *In re Gee*, 941 F.3d 153, 161–62 (5th Cir. 2019) (per curiam); *K.P. v. LeBlanc*, 729 F.3d 427, 436 (5th Cir. 2013); *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 369 (5th Cir. 2018); *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 365 (5th Cir. 2020); *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1273 (11th Cir. 2006); *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001); *Covenant Media Of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 429 (4th Cir. 2007); *United States v. Smith*, 945 F.3d 729, 734–37 (2d Cir. 2019); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006); *Freiman v. Ashcroft*, 584 F.2d 247, 249–50 (8th Cir. 1978), *aff'd*, 440 U.S. 941 (1979); *Mueller v. Raemisch*, 740 F.3d 1128, 1132 (7th Cir. 2014); *Weiss v. Sec'y of U.S. Dep't of Interior*, 459 Fed. Appx. 497, 499 (6th Cir. 2012).

kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Heckman*, 369 S.W.3d at 153 (quoting *Lewis*, 518 U.S. at 358 n.6).

I find it impossible to reconcile these well-established principles with the theory of blanket standing advanced by TPGA and adopted by the Court. A plaintiff cannot establish standing to challenge the entirety of a regulatory scheme merely by alleging that one part of the scheme injures him and then couching his "claim" as an attack on the entire scheme. Instead, a plaintiff seeking an injunction against *all* the elements of a regulatory scheme must show that *all* the elements of the regulatory scheme injure the plaintiff.

Federal courts routinely reject TPGA's proffered approach to standing, under which litigants attempt to establish standing to challenge multiple elements of a regulatory scheme by formulating their claims in capacious terms. The Fifth Circuit held, for instance, that a plaintiff had standing to challenge one of two neighboring statutory provisions, but not the other, even though both "provisions raise[d] similar constitutional concerns." *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 209 (5th Cir. 2011). "We are cognizant," the court explained, "that the [two] provisions are seemingly identical in all material respects and that, should [one] fall as unconstitutional, a subsequent challenge to the [other] will almost certainly succeed. But the seemingly intertwined fates of the two provisions does not eviscerate Article III's requirements." *Id.*

Likewise here, the "seemingly intertwined fates" of the City's many LPG regulations do not "eviscerate [the Texas Constitution's] requirement[]" that standing be established on a claim-by-claim basis. "[S]hould [one such regulation] fall" as preempted, "a subsequent challenge" to

any of the others "will almost certainly succeed." But the shared fate of the LPG regulations as matter of preemption does not excuse TPGA from having to show injury-in-fact arising from every provision it wants the courts to enjoin. In other words, TPGA is free to *argue* that *all* the City's LPG regulations are preempted as a basis for obtaining an injunction against the few regulations for which it has alleged actual injury to its members. But it cannot obtain an *injunction* against *all* the City's regulations unless it adequately pleads injury as to *each provision it wants enjoined*.

Similarly, in *In re Gee*, 941 F.3d 153 (5th Cir. 2019) (per curiam), the plaintiffs "s[ought] a federal injunction against virtually all of Louisiana's legal framework for regulating abortion," including "provisions that do not injure them now and could not ever injure them." *Id*. at 156. The district court concluded that the plaintiffs had standing to pursue their "blanket" attack on Louisiana's law on the theory that "it would [have] be[en] 'untenable' to make Plaintiffs establish their standing" as to each provision "because doing so would make it more difficult for them to succeed on the merits"—a conclusion that the Fifth Circuit called "obvious error." *Id*. While noting that the plaintiffs had "proffered ample allegations to support their contention" that Louisiana was "not regulating abortion properly," the appellate court nonetheless held that "Article III demands much more. To ensure that standing is not dispensed in gross, [courts] must analyze Plaintiffs' standing to challenge *each provision of law at issue*." *Id*. at 161–62 (emphasis added). This was so despite the fact that the plaintiffs challenged every provision under the same legal theory.

Along the same lines, the Seventh Circuit held that several plaintiffs' alleged injuries arising from certain aspects of an administrative rule "[could ]not support their standing to challenge" the rule in its entirety. *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 662 (7th

Cir. 2015). Like TPGA, those plaintiffs argued that the "claim-by-claim approach [was] inapplicable . . . because they [had] only one claim—that the . . . Rule [was] unlawful." *Id.* The court rejected this characterization as "paint[ing] with too broad a brush." *Id.* "[I]n order to demonstrate standing, a plaintiff's injury must match the legal problem he alleges. A plaintiff cannot attack a perceived problem that does not cause him injury, regardless of its . . . relationship to other provisions (illegal or not) that do cause him injury." *Id.* at 663. Nor can he broaden his standing by seeking "a remedy—vacatur of the . . . Rule as a whole"—broad enough to implicate aspects of the rule beyond those that injure him. *Id.*

Also instructive is a Ninth Circuit decision considering a challenge to a federal agency's identification policy governing airline passengers. There, the plaintiff (who was prohibited from boarding a flight due to that policy) sought invalidation of not just the identification policy, but also a host of other practices that "he collectively refer[red] to as 'the Scheme,'" including "various airport security . . . policies" that were "predicated upon the results of the identification policy," as well as the "'similar' . . . . identification policies of . . . . the interstate bus and train systems." *Gilmore v. Gonzales*, 435 F.3d 1125, 1134–35 (9th Cir. 2006). The court held that the plaintiff lacked standing to attack any of these measures aside from the identification policy that resulted in his inability to fly. "The fact that the identification policy relates to the other security programs does not mean that [he] suffered an 'injury in fact' due to these additional programs." *Id.* at 1135.

The lesson of the foregoing decisions—and many others[4]—is that a plaintiff attacking an entire statutory or regulatory scheme must plead facts showing a concrete injury arising from every

---

[4] *See Serv. Emps. Int'l. Union, Local 5 v. City of Houston*, 595 F.3d 588, 597 (5th Cir. 2010) ("[A] lawsuit is not a general license for a federal court to examine all provisions of a municipal ordinance and decide if any are

provision of the scheme he wants the courts to enjoin, even if all such provisions are assailed on the same legal ground. I would require TPGA's pleadings to conform to this well-established rule.

In challenging any given regulatory requirement, TPGA is of course free to advance a legal theory that implies the invalidity of the entire regulatory scheme, just as a court invalidating a lone regulatory requirement is free to adopt reasoning that implies the invalidity of a wide swath of regulation. Although a "characteristic of judicial power is that it pronounces on special cases, and not upon general principles," a court may "in deciding a particular point destroy[] a general principle, by passing a judgement which tends to reject all the inferences from that principle." 1 ALEXIS DE TOCQUEVILLE, DEMOCRACY IN AMERICA 137 (1835). "[U]nder the doctrine of *stare decisis*, [that court's] reasoning—to the extent that it is necessary to the holding"—will, as "a logical consequence of the opinion," effectively control outcomes in future cases raising similar legal questions. *City of Los Angeles v. Patel*, 576 U.S. 409, 429–30 (2015) (Scalia, J., dissenting). A court, however, cannot *render judgment* as to the validity of a regulatory requirement unless the plaintiff pleads a legally cognizable injury arising from the requirement.

\* \* \*

---

flawed. First Amendment challenges do not eliminate the need for a party to demonstrate it has constitutional standing."); *Env't Tex. Citizen Lobby*, 968 F.3d at 365, 366 ("Plaintiffs argue that although they must prove standing for each Clean Air Act *claim* (that is, group of violations of a particular emission standard), there is not a separate standing inquiry for each *violation* asserted as part of that claim. But . . . Clean Air Act penalties are tied to violations, not the broader claims . . . . That the plaintiffs . . . repeatedly suffered the same injury resulting from a series of similar discharges does not mean that a plaintiff injured by one violation can automatically challenge all a defendant's violations."); *Freiman*, 584 F.2d at 249–50 (holding that plaintiff had standing to bring constitutional challenge to one provision of a law but not the other, even though the court noted that the latter provision raised similar constitutional concerns); *see also Preterm-Cleveland, Inc. v. Kasich*, 102 N.E.3d 461, 469–70 (Ohio 2018) (applying federal test for standing to hold that "a party challenging multiple provisions in a[] [legislative] enactment"—even if the whole law is assailed as one "violati[on of] the Single Subject Clause" of the Ohio Constitution—must show an injury-in-fact traceable to "each provision the party seeks to have severed from the enactment.").

10

For the foregoing reasons, TPGA has thus far failed to show standing to challenge any of Houston's LPG regulations apart from the provisions under which it alleges a TPGA member was fined. TPGA's appellate briefing, however, contends that TPGA has standing to attack Houston's entire system of LPG regulation because its "members are subject to *all* of [those] regulations and face a substantial risk that *all* will be enforced against them." Reply Brief on the Merits at 16. Such an allegation of the substantial risk of enforcement as to all the regulations, made with sufficient specificity as to the various elements of the regulatory scheme, could confer standing to challenge the entirety of the City's regulations.[5]

The Court cannot evaluate the sufficiency of pleadings it has not seen, however. TPGA's live pleading—the subject of the plea to the jurisdiction from which this appeal arises—contains no attempt to allege a substantial risk of injury as to each regulation challenged. The live petition alleges injury-in-fact to a TPGA member only with respect to one instance of City enforcement. I would hold that TPGA's petition adequately alleges injury with respect to the regulations implicated by that episode. As for the remainder of TPGA's omnibus challenge to the City's LPG regulations, I would affirm the court of appeals' judgment granting the plea to the jurisdiction, and I would remand the case to allow TPGA the opportunity to replead.[6]

---

[5] Neither Texas nor federal courts have regarded "an actual arrest, prosecution, or other enforcement action" as "a prerequisite to challenging [a] law." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Rather, an organization's "alleg[ation] that [some] of its members [were] at substantial risk of penalty" has been found sufficient to show injury-in-fact. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993); *accord Garcia*, 893 S.W.2d at 518 ("to challenge a statute, a plaintiff must first suffer some actual *or threatened* restriction") (emphasis added). The other requirements of associational standing are not at issue here.

[6] When pleadings lack "sufficient facts to affirmatively demonstrate . . . jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction," as is the case here, "plaintiffs should be afforded the opportunity to amend." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *accord Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).

11

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** April 16, 2021

12