

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00250-CV

_____

TOWN OF LITTLE ELM, Appellant

V.

RICHARD CLIMER, Appellee

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 21-11351-16

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Richard Climer filed a negligence suit against the Town of Little Elm (Little Elm) for injuries he received when he fell from his bicycle on a pathway subject to its control. Little Elm appeals the trial court's order denying its plea to the jurisdiction. Because we hold that the trial court erred by denying the plea to the jurisdiction, we reverse.

## I. Background

Climer alleged in his petition that he fell from his bicycle on a pathway in Little Elm[1] as a result of faulty concrete causing him severe injury. He stated that he did not see the hole in the concrete prior to his fall. In its plea to the jurisdiction, Little Elm stated that it was aware of the condition of the pathway and had closed that section of the pathway. Little Elm attached the affidavit of Phil Kemmerer, the Parks Superintendent for Little Elm, to its plea to the jurisdiction.

Kemmerer explained in the affidavit that Cottonwood Trail is a walking, jogging, and biking trail controlled by Little Elm through a perpetual trail, drainage, and access easement. A subdivision runs along the south side of the easement, and a retaining wall was constructed to support the subdivision. After a homeowner in the subdivision later built another retaining wall, the area in question began to suffer

---

[1]Climer alleged in his petition that he was riding on a pathway in McCord Park in Little Elm. In its plea to the jurisdiction, Little Elm stated that the location of the incident was actually on Cottonwood Trail, which is not part of McCord Park but is controlled by Little Elm through a perpetual easement.

distress. Little Elm closed the area and erected T-posts and construction fencing to barricade the damaged area. Kemmerer stated that Little Elm became aware of additional damage to the trail including buckling and lateral movement and also a sewer manhole that had significant displacement. Little Elm decided to conduct a geotechnical distress investigation of the area to determine what was causing the problem and the best plan of action to correct it.

Kemmerer further stated that while the investigation was pending, Little Elm checked the trail weekly and warned trail users of the condition of the trail. On several occasions the barricades were removed by either trail users or extreme weather conditions, but Little Elm immediately replaced them upon discovering their removal. Kemmerer also testified at the hearing on Little Elm's plea to the jurisdiction and explained how Little Elm attempted to block off the damaged area of the trail.

## II. Plea to the Jurisdiction

In the first issue, Little Elm argues that the trial court erred by denying the plea to the jurisdiction based upon its governmental immunity from suit under the Texas Tort Claims Act because Climer had not provided a single jurisdictional fact to overcome the presumption of governmental immunity for the discretionary decisions of a governmental entity. In the second issue, Little Elm argues that the trial court erred by denying the plea to the jurisdiction based upon its governmental immunity from suit under the Recreational Use Statute because Climer's mere assertion of gross

3

negligence, without more, does not establish a waiver of Little Elm's governmental immunity.

## A. Standard of Review

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly raised in a plea to the jurisdiction. *Tex. Dep't. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Id.* at 226.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227. In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.*

## B. Applicable Law

The Texas Tort Claims Act provides a limited waiver of sovereign immunity. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109. The Tort Claims Act expressly waives sovereign immunity in three areas: (1) use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of property.

4

*Miranda*, 133 S.W.3d at 225; *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Section 101.058 of the Tort Claims Act further modifies a governmental unit's waiver of immunity from suit by imposing the limitations of liability articulated in the Texas Recreational Use Statute. *Miranda*, 133 S.W.3d at 225 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.058).[2] The Recreational Use Statute limits the governmental unit's liability as a premises owner if the plaintiff engages in recreation on the premises. *City of Dallas v. Hughes*, 344 S.W.3d 549, 554 (Tex. App.—Dallas 2011, no pet.); Tex. Civ. Prac. & Rem. Code Ann. § 75.001–.021. Bicycling is included in the definition of recreation. Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3)(M).

The Recreational Use Statute limits the governmental unit's duty for premises defects to that which is owed a trespasser. *Miranda*, 133 S.W.3d at 225. The limited duty owed a trespasser is not to injure that person willfully, wantonly, or through gross negligence. *Id.* Therefore, a governmental unit waives sovereign immunity under the Recreational Use Statute and the Tort Claims Act only if it is grossly negligent. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 75.002(c)–(d). There are two components to gross negligence: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must

---

[2]Section 101.058 states, "To the extent that Chapter 75 limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under this chapter, Chapter 75 controls." Tex. Civ. Prac. & Rem. Code Ann. § 101.058.

have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Id.* (citing *La–Pac Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex. 1999)).

**C. Analysis**

In his original petition, Climer did not allege gross negligence on the part of Little Elm. In its plea to the jurisdiction, Little Elm argued that Climer had not properly alleged a cause of action against it under the Tort Claims Act, as limited by the Recreational Use Statute, because he did not allege Little Elm acted with gross negligence. Little Elm further argued that allowing Climer an opportunity to amend would be futile because there is no evidence to support an allegation of gross negligence. Climer filed a second amended petition in which he alleged that the following acts or omissions by Little Elm constituted negligence or gross negligence:

- Failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances.

- Failing to keep the premises safe.

- Failing to warn [Climer] that a dangerous condition existed on the premises.

- Failing to adequately repair the dangerous condition that existed on the premises.

- Failing to inspect the premises prior to allowing citizens on the premises.

- Res Ipsa Loquitor.

6

Climer also responded to the plea to the jurisdiction and stated that gross negligence exists because Little Elm was aware of the dangerous condition and chose not to protect the general public. Climer attached photos to his response that he claimed clearly showed that Little Elm did not safeguard the area.

In *City of Dallas v. Hughes*, a bicyclist, Hughes, was injured after he fell from his bicycle when he encountered protruding planks on a bridge on a biking trail in Dallas. 344 S.W.3d at 552. Hughes claimed the City of Dallas was grossly negligent by failing to repair or warn of the defect. *Id.* at 553. To show gross negligence, Hughes relied on evidence showing that the wood used on the bridge was not of good quality and also that the city employees were aware of the damaged bridge over the weekend but did not repair it because city employees did not work on the weekends. *Id.* at 555.

The court noted that the legislature created exceptions to the Tort Claims Act's limited waiver of immunity and that Section 101.056 of the Civil Practice and Remedies Code preserves immunity for discretionary public policy decisions. *Id.* An act that requires the exercise of judgment is discretionary. *Id.* at 556. If a plaintiff's injury results from the formulation of a policy, the governmental unit is immune from liability. *Id.* A governmental unit is not immune from liability if a plaintiff's injury is caused by the negligent implementation of that policy or the negligent maintenance of the premises. *Id.* The court stated that Hughes did not argue his injury was caused by the negligent implementation of a policy and concluded that Hughes pointed to no authority to support an argument that these were non-discretionary decisions. *Id.*

7

As in *Hughes*, we find that Little Elm's decision to close the damaged portion of the trail and conduct a geotechnical distress investigation prior to repairing the sidewalk was a discretionary decision protected by governmental immunity. Little Elm was aware of damage on the Cottonwood Trail and closed that portion of the trail with barricades. Because there was additional damage around the trail, Little Elm decided to conduct a geotechnical distress investigation to determine the cause of the problem and develop a plan to correct it before repairing the sidewalk. Little Elm closed the area of the sidewalk and erected T-posts with construction fencing to protect trail users. Decisions about installing safety features are discretionary decisions. *See Tex. Dep't. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). In his brief, Climer argues that his pleadings gave fair notice to Little Elm of the allegations against it. Climer has not pointed to any legal authority or provided jurisdictional facts to support an argument that these were not discretionary decisions. *See Hughes*, 344 S.W.3d at 556.

In addition, Climer's factual allegations do not establish gross negligence. Gross negligence involves not only actual knowledge of a risk, but knowledge of an extreme degree of risk, considering the probability and magnitude of potential harm to others. *Id.* at 557. There is no dispute that Little Elm knew of the condition of the sidewalk; however, Climer did not allege facts that show Little Elm was aware of an extreme degree of risk and consciously ignored the risk. *Id.* at 558. Again, Climer argues that he alleged factual allegations that gave Little Elm fair notice of the claims.

8

Little Elm produced evidence that it blocked off the damaged area of the sidewalk with T-posts and construction fencing. Little Elm inspected the area every week to make sure the barricade was in place and would replace the barricade as necessary. Little Elm considered metal fencing but determined that the construction fencing was safer for bicyclists. In his response to the plea to the jurisdiction, Climer attached photos that he says show Little Elm did not safeguard the area. The photos focus on the damaged sidewalk and are not from an angle to show any barricade of the area. Little Elm does not dispute the sidewalk was damaged but presented evidence that it erected barricades to protect the public using the trail. Additionally, there is no evidence that Little Elm was aware of other accidents at the barricaded area, and Climer does not claim that there had been other accidents. *Id.* at 557–58. We cannot conclude that Little Elm was aware of an extreme degree of risk and consciously ignored the risk. *See id.* at 558. We hold that the trial court erred by denying Little Elm's plea to the jurisdiction.

### III. Conclusion

Because we conclude that the trial court erred by denying Little Elm's plea to the jurisdiction, we reverse the trial court's order denying the plea to the jurisdiction and dismiss Climer's claims against Little Elm.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: December 7, 2023

9