

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00400-CV

---

CITY OF AUSTIN, APPELLANT

V.

CHRISTOPHER KALAMARIDES, APPELLEE

---

On Appeal from the 250th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-23-003423, Honorable Karin Crump, Presiding

---

April 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This interlocutory appeal arises from a personal injury lawsuit filed by Christopher Kalamarides against the City of Austin. In response to the suit, the City filed a plea to the jurisdiction, arguing that governmental immunity under the Texas Tort Claims Act

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3. Further, this case was originally docketed in the 345th District Court of Travis County. The plea to the jurisdiction was heard and denied by the 250th District Court, pursuant to Travis County local rules.

("TTCA") had not been waived. The trial court denied the City's plea to the jurisdiction and the City filed this appeal. We reverse the trial court's order.

## BACKGROUND

In his petition, Kalamarides alleges that he suffered severe injuries as a result of a collision that occurred at the intersection of 45th Street and Lamar Boulevard in Austin. Kalamarides asserts that he was driving his vehicle eastbound, had a green light, and proceeded through the intersection. At the same time, Austin Police Department Officer Rachel Stahlke, who was responding to an emergency call, was driving her vehicle southbound toward the intersection. Officer Stahlke reduced speed, then entered the intersection against the red light. The two vehicles collided. Kalamarides contends that Officer Stahlke proceeded through the intersection recklessly, without her lights or siren engaged. The City claims that the vehicle's lights and siren were activated and that Officer Stahlke slowed to a near stop before entering the intersection. The City filed a plea to the jurisdiction arguing that the "emergency exception" to the TTCA applied, thereby barring the lawsuit. The trial court denied the City's plea.

## ANALYSIS

Whether the trial court has subject-matter jurisdiction over appellee's claims is a question that we review de novo. *City of San Antonio v. Smith*, 562 S.W.3d 75, 79 (Tex. App.—San Antonio 2018, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "Our ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction." *Id.*

2

Political subdivisions of the state, such as the City, are protected by governmental immunity from lawsuits for damages and for liability. *City of Houston v. Williams*, 353 S.W.3d 128, 135 & n.5 (Tex. 2011). But the TTCA waives governmental immunity in certain limited circumstances, including for personal injury caused by a condition or use of real or personal property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). The government retains its immunity from suit under certain exceptions to the TTCA, including the emergency action exception which applies to claims arising

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others . . . .

*See id.* § 101.055(2).

Here, Kalamarides asserted a claim for damages under the TTCA and pleaded facts affirmatively demonstrating the subject-matter jurisdiction of the court. It then became the City's burden to assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228 (party asserting plea to jurisdiction must meet summary judgment standard of proof). In response to Kalamarides's claim, the City argued that the emergency action exception applies, such that the TTCA does not waive the City's immunity. Kalamarides thus had to present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea must be sustained. *Id.*; *City of Dallas v. Heard*, 252 S.W.3d 98, 102–03 (Tex. App.— Dallas 2008, pet. denied). While Kalamarides does not dispute that Officer Stahlke was responding to an emergency call, he alleges that the emergency exception does not apply

because her actions were reckless. We must thus consider whether any evidence shows that Officer Stahlke's actions were taken with reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2).

The evidence before the trial court included, among other things, a report from the Austin Police Department and a video recording from Officer Stahlke's in-car camera showing the time period leading up to the collision. The City, relying on statements from Officer Stahlke in the report and the dashcam video, argues that Officer Stahlke had her emergency lights and siren activated and that, before she entered the intersection, she slowed her vehicle to a stop or near-stop to allow traffic to yield to her emergency signals. The City asserts that this evidence refutes a claim of recklessness and demonstrates the officer's care and consideration for the public in her response to the call. In contrast, Kalamarides points to statements in the police report from himself and from another witness to the accident. Both Kalamarides and the witness told the investigating officer that they "did not hear any lights or sirens." Kalamarides contends that these statements raise a fact issue as to whether Officer Stahlke's actions at the time of the collision were reckless. He further claims that, because the dashcam video captures the timeframe leading up to the collision but ends just before the moment of impact, there is a fact question on the issue of recklessness.

The Supreme Court has explained that driving with "reckless disregard" involves more than a "momentary judgment lapse." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 531 (Tex. 2022). To drive with reckless disregard, the driver must commit "an act he knew or should have known posed a high degree of risk or serious injury" to others. *Perez v. Webb Cnty.*, 511 S.W.3d 233, 236 (Tex. App.—San Antonio 2015, pet. denied).

4

Here, the record does not reveal a fact issue as to whether Officer Stahlke acted in a way that posed a high degree of risk or serious injury to others. The video evidence capturing the minutes preceding the collision confirms that as Officer Stahlke enters the intersection, she is proceeding slowly, with her vehicle's lights and siren activated.[2] *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (when videotape exists and parties do not allege it has been tampered with, courts should "view[] the facts in the light depicted by the videotape"); *see also Klassen v. Gaines Cnty.*, No. 11-19-00266-CV, 2021 Tex. App. LEXIS 5631, at *10 (Tex. App.—Eastland July 15, 2021, no pet.) (mem. op.) (declining to adopt plaintiff's version of facts when video evidence plainly contradicted plaintiff's version). Her approach indicates caution and concern, not indifference to the safety of other motorists. Because Officer Stahlke used her lights and siren, reduced her speed, and waited for cross-traffic to pass or yield prior to proceeding, we cannot conclude that she was reckless. *See Harris Cnty. v. Spears*, No. 14-17-00662-CV, 2018 Tex. App. LEXIS 7763, at *13–15 (Tex. App.—Houston [14th Dist.] Sept. 25, 2018, no pet.) (mem. op.) (no evidence of recklessness where officer activated siren and lights, slowed almost to complete stop, and proceeded only after other vehicles moved out of his way); *City of Arlington v. Barnes*, No. 02-07-00249-CV, 2008 Tex. App. LEXIS 2236, at *13–14 (Tex. App.—Fort Worth Mar. 27, 2008, pet. denied) (mem. op.) (same). As such, her conduct did not rise to the level required to abrogate the City's immunity.

---

[2] This timeframe leading up to the collision is the relevant time in which Officer Stahlke's lights and siren would serve as an effective warning to other motorists. Nothing in the video indicates that the officer deactivated her lights and siren in the brief moment, not captured on video, before the moment of impact.

Because Kalamarides concedes that Officer Stahlke was responding to an emergency and because the evidence does not raise a fact issue on whether she acted with reckless disregard for the safety of others, the emergency exception applies and the TTCA does not waive the City's governmental immunity. *See Quested v. City of Houston*, 440 S.W.3d 275, 286 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (emergency exception to TTCA applied where plaintiff failed to raise fact question that officer's actions reflected conscious indifference or reckless disregard for safety of others). Therefore, the trial court erred in denying the City's plea to the jurisdiction.

Generally, a litigant should be given the chance "to cure pleading defects when the pleadings do not allege enough jurisdictional facts." *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (per curiam). However, this is not a pleading defect case, as the evidence affirmatively shows that the emergency exception to the TTCA applies and, therefore, Kalamarides's factual complaint cannot give rise to a claim against the City. *See id.; City of Houston v. Ranjel*, 407 S.W.3d 880, 893 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (no need to allow opportunity to amend when "jurisdictional evidence does not raise a fact issue on the key question of whether" city could be held liable).

## CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of the City's plea to the jurisdiction and render judgment dismissing the case for lack of subject-matter jurisdiction.

Judy C. Parker
Justice

6