

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00263-CV

STEPHEN PATRICK BLACK, APPELLANT

V.

JONATHAN MICHAEL FLOYD, APPELLEE

On Appeal from County Court
Lamb County, Texas
Trial Court No. CC-3436, Honorable James M. DeLoach, Presiding

April 4, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Stephen Patrick Black, proceeding pro se and *in forma pauperis*, appeals the trial court's order dismissing his negligence suit against Appellee, Jonathan Michael Floyd, for want of jurisdiction. By three issues, he maintains dismissal of his suit was error because the trial court failed to (1) provide adequate notice of the jurisdictional issue, (2) allow him an opportunity to amend and cure jurisdictional defects, if any, and (3) rule on his motion for summary judgment. We affirm.

BACKGROUND

Black is committed in the Texas Civil Commitment Center (TCCC) pursuant to the Sexually Violent Predators Act.[1]  Floyd is an independent contractor who administered a polygraph to Black as part of the sex offender treatment program at TCCC.  The report generated from the polygraph test recites "[s]ubject has multiple convictions of sexual assault."  Black sued Floyd in the justice court of Lamb County for negligence alleging "he does not possess ANY convictions for sexual assault in the State of Texas, or anywhere at any time, past, present, or future."[2]  Floyd, proceeding pro se, filed his original answer asserting he did not owe a duty to Black, Black had not suffered any damages, and the polygraph report had been amended to recite "[s]ubject has multiple convictions involving a sexual component."  The suit was summarily dismissed for want of jurisdiction and Black appealed to county court.

In the county court proceedings, Floyd filed a general denial but did not urge a plea to the jurisdiction.  Black filed a traditional motion for summary judgment supported by his affidavit and various exhibits.  Black's suit was dismissed with the trial court finding it did not have jurisdiction and could not therefore render a judgment.

**ISSUES ONE, TWO, AND THREE**

Black's complaints regarding the trial court's failure to provide him notice of jurisdictional defects, an opportunity to cure such defects, and failure to rule on his motion

---

[1] TEX. HEALTH & SAFETY CODE §§ 841.001–.151.

[2] Pursuant to a plea agreement, Black was convicted of indecency with a child in 2006 and was civilly committed as a sexually violent predator in 2016.

for summary judgment do not present reversible error.  We review questions of jurisdiction de novo.  *Southwestern Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020).

Generally, the committing court retains jurisdiction of a civil commitment case with respect to certain suits filed.  *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (providing that the committing court retains jurisdiction of the case with respect to a proceeding conducted under [Subchapter E] . . . or to a civil commitment proceeding conducted under Subchapters F and G).  Black maintains his negligence suit was unrelated to his civil commitment and was not required to be filed in the committing court.[3]  We disagree with Black's contention.

Subchapter E of the Act lists commitment requirements a committing court shall impose to ensure compliance with treatment and supervision to protect the community. § 841.082(a).  One of those requirements is "participation and compliance with the sex offender treatment program provided" by TCCC.  § 841.082(a)(3).

In the underlying case, Black acknowledged a Polygraph Agreement which included that "[p]olygraphs are a part of my treatment plan."  He also signed a "Polygraph Informed Consent Form" wherein he accepted that the exam was a condition of supervised release.  The polygraph report recites, in part, as follows: "[i]n conjunction with the sex offender treatment program of Littlefield Civil Commitment, polygraph examinations were administered to [Black].  The purpose of the exam was to verify facts as part of the sex offender therapy program."

---

[3] Black's civil commitment occurred in the 274th District Court of Guadalupe County, Texas.  *See Black v. McLane*, No. 07-19-00241-CV, 2021 Tex. App. LEXIS 2195, at *2 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.); *Black v. Edd*, No. 07-21-00168-CV, 2022 Tex. App. LEXIS 3666, at *1–2 (Tex. App.—Amarillo May 31, 2022, pet. denied) (mem. op.).

The record shows that Black's negligence suit against Floyd resulted from participation in his sex offender treatment program which falls under the commitment requirements of section 841.082, part of Subchapter E of the Act. Under section 841.082(d), the committing court retained jurisdiction of the case and the Lamb County Court was without jurisdiction to render judgment. *See generally Black v. McLane*, No. 07-19-00241-CV, 2021 Tex. App. LEXIS 2195, at *5–6 (Tex. App. —Amarillo March 23, 2021, no pet.) (mem. op.) (holding Black's challenge to wearing a GPS tracking monitor pursuant to section 841.082(a)(4) was required to be filed in the committing court under subparagraph (d) of the statute). Just as Black's complaints regarding a GPS tracking monitor fell under Subchapter E of the Act, his complaints against Floyd are related to his sex offender treatment program which also falls under Subchapter E. A plaintiff has a right to amend pleadings to cure a jurisdictional defect; however, in the underlying case, it was not possible for Black to amend his pleadings to cure the jurisdictional defect. *See Tex. DOT v. Ramirez*, 74 S.W.3d 864 (Tex. 2002). In our de novo review, we find the trial court correctly dismissed Black's negligence suit against Floyd filed in Lamb County, Texas, instead of in the 274th District Court of Guadalupe County, Texas, for want of jurisdiction. Issues one, two, and three are overruled.

## CONCLUSION

The trial court's order dismissing Black's suit for want of jurisdiction is affirmed.

Alex Yarbrough
Justice

4